UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL PIAZZA, JR.**<br>On behalf of himself and all others similarly situated,<br><div align="right">Plaintiff,</div><br>VERSUS<br><br>**ASSOCIATED WHOLESALE GROCERS, INC.**<br><div align="right">Defendant</div> | **CIVIL ACTION:** |

# COMPLAINT

NOW COMES, Plaintiff, Michael Piazza, Jr., who brings this collective action pursuant to the Fair Labor Standards Act and complains, on behalf of himself and all others similarly situated, against Defendant, Associated Wholesale Grocers, Inc. ("AWG"), as follows:

## I.  INTRODUCTION

1. Plaintiff brings this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* to recover unpaid wages, unpaid minimum wages, unpaid overtime wages and statutorily authorized liquidated and penalty damages as well as reasonable attorney's fees and costs associated with this litigation.

2. Defendant intentionally altered Plaintiff's work hours by reducing the reported hours worked and then not paying Plaintiff for all hours he actually worked.

3. Defendant also implemented a policy and procedure whereby it compensated Plaintiff in part through cash and gift cards which were not included in Plaintiff's regular rate of pay computation for Plaintiff's overtime rate.

4. Defendant implemented and adhered to record-keeping and compensation policies and practices that intentionally required employees to work hours in excess of 40 hours in a

workweek but prohibited employees from properly recording all hours worked so that Defendant could avoid paying overtime compensation to its employees.

5. Defendant's record-keeping and compensation policies and practices created and continue to create willful failures and refusals to pay proper minimum wage and overtime compensation to Plaintiff and all other similarly situated nonexempt employees who are or were prohibited from accurately recording their work hours and not compensated properly for all their hours worked.

## II. PARTIES

6. Plaintiff, Michael Piazza, Jr., is an adult citizen of the United States and resident of Louisiana.

7. Defendant, Associated Wholesale Grocers, Inc. is a Foreign Corporation authorized and doing business in Louisiana.

8. Plaintiff is a former employee of AWG.

## III.   JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action is brought under the Fair Labor Standards Act.

10. This Court has personal jurisdiction over Defendant because it conducts business and employs individuals in the judicial district.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b); business records are kept and all or a substantial part of the events giving rise to the claims occurred within this judicial district, including but not limited to the unlawful employment and compensation practices described herein.

## IV.   STATEMENT OF FACTS

12. AWG is the nation's largest cooperative food wholesaler to independently owned

supermarkets, serving over 3,800 locations in more than half of the states in the country.

13. One of AWG's distribution centers is located in Pearl River, Louisiana.

14. The Pearl River facility is extremely busy and employs regularly over 300 employees at a time. The work is fast paced and the vast majority of the workers work well over 40 hours per workweek.

15. Piazza worked for AWG as a laborer until his improper termination.

16. Piazza's job duties included unloading product from delivery trucks and placing the products in the warehouse, repackaging product pallets to prepare for shipment, and loading delivery trucks with products.

17. Piazza was compensated at an hourly rate, and he worked regularly worked significant hours in excess of 40 hours in a workweek.

18. Piazza was regularly scheduled to work exactly 8 hours a day and 40 hours every work week, and he was required to take paid time off if he was not going to work his scheduled hours.

19. During his tenure with Defendant, Piazza regularly and routinely arrived at work and began working before his scheduled shift time, worked through his scheduled lunch break, and worked after his scheduled shift end time and on weekends.

20. Piazza regularly worked 60 to 70 hours per workweek.

21. Due to Defendant's record-keeping and compensation policies, Piazza did not report this time on a time sheet, and consequently, he was not compensated for this time.

22. Piazza's time sheet was controlled and manipulated by his supervisors and managers.

23. AWG implemented an improper policy by which AWG automatically deducted 30 minutes from Piazza's time sheet every workday. AWG told Piazza the deduction was to account for a 30-minute lunch break.

24. AWG deducted the time from Piazza's time sheet even if Piazza did not take a lunch break.

25. Piazza rarely took a lunch break of more than a few minutes because his performance was based on production numbers that incentivized him to work through lunch.

26. Piazza frequently worked 12 to 14-hour days and 65 to 80 hours per workweek.

27. Piazza's co-workers worked similar work hours and also worked through lunch or took a short lunch break of less than 20 minutes.

28. Even though Defendant used a timekeeping system that could accurately record their employee's work hours, Defendant instructed their employees not to clock out for lunch so that AWG could automatically deduct 30 minutes per workday.

29. On several occasions, Plaintiff determined that he worked substantially more hours than were recorded on his paycheck. Plaintiff complained about the discrepancy, and Defendant promised to correct the issue.

30. Upon information and belief, Defendant routinely edited Plaintiff's time records by reducing his reported work hours and thus not compensating him for all hours he actually worked.

31. Defendant also implemented a policy and procedure in which it gave Plaintiff cash or gift cards as incentive to work extra hours, extraordinary overtime or at unpopular times. This extra compensation was not included in Plaintiff's regular rate of pay or overtime rate of pay calculations.

32. Defendant's record-keeping and compensation policies and practices mandated that employees not accurately record their actual work hours.

33. No manager for Defendant ever questioned or investigated why Plaintiff worked hours outside of and in excess of their scheduled work time or whether they accurately reported all the hours she worked.

34. No manager for Defendant ever ordered Plaintiff to cease working hours outside of and in excess of his scheduled work hours; rather, Defendant knowingly allowed Plaintiff to suffer or permitted him to work hours outside of and in excess of his scheduled work time.

35. No supervisor or manager for Defendant ever investigated or ensured that Plaintiff was being compensated for all hours worked, including the hours worked outside and in excess of his scheduled work time.

36. Defendant developed and implemented the time-keeping policy to avoid incurring any overtime compensation obligations.

37. Plaintiff witnessed other misclassified employees arrive at work and begin working before their scheduled shift times, work through their scheduled lunch breaks, and work after their scheduled shift end times.

38. Upon information and belief, Defendant's record-keeping and compensation policies were dictated and issued by Defendant's senior management and issued to all of Defendant' departments.

39. Defendant's record-keeping policy promoted the falsification of employee time sheets by prohibited employees from reporting their work hours properly.

40. Consequently, all hourly employees who were subject to AWG's policy that did not allow employees to accurately record start times, end times and lunch breaks, and who had time deducted from their time sheet even if they did not take a break are similarly situated to Plaintiff.

41. Defendant has gross annual sales equal to or greater than $500,000.

42. Defendant engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a

state other than Louisiana.

43. Plaintiff, as an employee of Defendant, engaged in interstate commerce including but not limited to allowing its employees to handle, sell, produce, or otherwise work on goods or materials that came from a state other than Louisiana.

44. At all relevant times, Plaintiff was compensated at an hourly rate.

45. Defendant failed to keep accurate payroll records showing the total hours worked each day and week by its employees.

46. Defendant refused to pay employees for lunch breaks even if the employee did not take a break of more than 20 minutes in a day.

47. Plaintiff regularly worked time that he was not permitted to record properly and for which he was not compensated properly or at all.

48. Plaintiff regularly worked time in excess 40 hours in a workweek for which he was not compensated.

49. Defendant did not compensate Plaintiff properly for all hours worked.

50. Defendant did not compensate Plaintiff at a rate of one and one-half times Plaintiff' regular rate of pay for all hours Plaintiff worked more than 40 hours in a workweek.

51. Defendant violated 29 U.S.C. §§ 206 & 207 by failing to compensate Plaintiff properly.

52. Defendant knew that Plaintiff worked hours for which Plaintiff was not compensated properly.

53. Defendant failed to act in good faith when they promoted falsification of payroll records and refused to pay employees properly for time worked.

54. Defendant either knew their conduct was illegal or showed reckless disregard as to whether their conduct violated the law.

55. Defendant' actions constitute knowing, intentional and willful violations of the FLSA.

56. Plaintiff was damaged as a direct and proximate result of Defendant's actions, policies and practices and failure to compensate them properly.

57. Defendant has many other misclassified employees who worked at the same location operated by Defendant and were subjected to the same improper record-keeping and compensation policies as Plaintiff. These employees are similarly situated to Plaintiff because they were prohibited from recording their work hours properly and worked hours for which they were not compensated properly.

58. Pursuant to 29 U.S.C. § 216(b), Plaintiff maintains this collective action on behalf of Plaintiff and other similarly situated employees.

59. Defendant maintains records identifying the names, addresses and other contact information of putative collective class members who are similarly situated to Plaintiff.

60. To the extent required by law, notice will be provided to putative collective class members who are similarly situated to Plaintiff.

61. Plaintiff and other similarly situated individuals are entitled to recover from Defendant their unpaid minimum wages, unpaid overtime wages, liquidated damages, punitive damages, reasonable attorney's fees and costs and judicial interest.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all proposed putative collective class members who are similarly situated to Plaintiff, pray that the Court:

    a.  Certify this action as a collective action pursuant to 29 U.S.C. § 216(b);

    b.  Recognize and designate Plaintiff as a representative Plaintiff of the collective action;

    c.  Order notice be sent to all putative collective class members who are similarly situated to Plaintiff that apprises the putative collective class members of the litigation and their

ability to assert timely FLSA claims in this action by filing a Consent to Join in this action;

d.   Enter judgment declaring that Defendant's policies and practices complained of herein violate the FLSA;

e.   Enjoin Defendant, its officers and agents from engaging in the policies and practices complained of herein;

f.   Enter judgment against Defendant and award to Plaintiff, and all others similarly situated, damages for unpaid wages, unpaid minimum wages, unpaid overtime wages, liquidated damages, punitive damages, pre-judgment interest and post-judgment interest, all in amounts to be determined at trial;

g.   Enter judgment requiring Defendant to pay to Plaintiff's, and all others similarly situated, costs and expenses of bringing this action, including but not limited to reasonable attorney's fees, expert's fees and costs of sending notice to putative collective class members;

h.   Enter judgment awarding to Plaintiff, and all others similarly situated, any and all further legal relief as this Court deems necessary, just and proper.

Respectfully submitted,

/s/Chad A. Danenhower
Chad A. Danenhower, Bar # 32845
Danenhower Law Firm, LLC
212 Park Place
Covington, LA 70433
Phone: 985-590-5026
Fax: 985-605-0525
chad.danenhower@danenhowerlaw.com


Dale E. Williams, Bar #18709
212 Park Place
Covington, Louisiana 70433
Telephone: (985) 898-6368
Facsimile:  (985) 892-2640
dale@daleslaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL PIAZZA, JR.**<br>On behalf of themselves and all others similarly situated,<br><br>       Plaintiff,<br><br>    VERSUS<br><br>**ASSOCIATED WHOLESALE GROCERS, INC.**<br>       Defendant | **CIVIL ACTION:** |

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that I have read the foregoing Complaint, and the allegations contained in it are true and correct to the best of my knowledge.

Executed in Covington, Louisiana on this October 7, 2017.

_____
Michael Piazza, Jr.