UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL PIAZZA ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10289** |
| **ASSOCIATED WHOLESALE GROCERS INC.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Plaintiff's Second Motion for Conditional Certification (Doc. 76) and Plaintiff's Motion for Reconsideration (Doc. 75) of the Court's January 8, 2019 Order and Reasons granting Defendant's unopposed Motion to Dismiss Opt-in Plaintiffs. For the following reasons, the Motions are **DENIED**.

## BACKGROUND

This is a lawsuit seeking allegedly unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff Michael Piazza worked for Defendant Associated Wholesale Grocers, Inc. ("AWG") as a forklift operator and a loader at the company's distribution warehouse in Pearl River, Louisiana. The thrust of Piazza's claim is that AWG violated the FLSA by automatically deducting a 30-minute lunch break from employee time sheets even though AWG allegedly knew that the employees regularly chose to work

1

through lunch breaks. Piazza alleges that this practice amounted to an unlawful policy that resulted in him and other AWG employees not being paid the overtime wages that they had earned.

On March 28, 2018, Piazza moved to conditionally certify a class consisting of all laborers who worked for AWG beginning on October 7, 2014. On August 3, 2018, this Court denied Piazza's request on the ground that Piazza "fail[ed] to present any evidence that potential class members were the victims of a common, unlawful policy or practice" by Defendant AWG.[1] The Court noted that an "employer's use of an automatic deduction for lunch does not, by itself, violate the FLSA,"[2] and that "[i]n light of Defendant's evidence of an existing policy for correcting the automatic deduction when employees work through lunch and examples of that policy being used in practice, Plaintiff must present some evidence that the potential class members are similarly situated with respect to why their time was not corrected."[3]

At the time the Court denied Plaintiff's first request for conditional class certification, more than two dozen people had joined the suit as opt-in plaintiffs. On August 17, 2018, Defendant moved to dismiss the opt-in plaintiffs from the suit in light of the Court's denial of Plaintiff's request for conditional class certification. Plaintiff never responded to Defendant's motion to dismiss the opt-ins. Accordingly, the Court granted Defendant's request as unopposed on January 2, 2019.

On January 8, 2019, Plaintiff filed a Motion for Reconsideration of the Court's January 2, 2019 Order and Reasons that dismissed the opt-in plaintiffs

---

[1] Doc. 72 at 6.
[2] *Id.* at 7 (citing Cason v. Vibra Healthcare, No. 10-10642, 2011 WL 1659381, at *3 (E.D. Mich. May 3, 2011); Frye v. Baptist Mem'l Hosp., No. 07-2708, 2010 WL 3862591, at *5 (W.D. Tenn. Sept. 27, 2010)).
[3] *Id.* at 7–8.

from this suit. On the same day, Plaintiff filed a Second Motion for Conditional Certification. Defendant opposes both Motions. The Court will first address Plaintiff's Second Motion for Conditional Certification before turning to the Motion for Reconsideration.

## LEGAL STANDARD

### I. Second Motion for Conditional Certification

The FLSA allows a plaintiff to bring a claim on his own behalf and on the behalf of others who are "similarly situated."[4] To determine whether plaintiffs are similarly situated for conditional certification purposes, courts typically apply either the *Lusardi* approach or the *Shushan* approach.[5] The Fifth Circuit has not determined whether either approach is required.[6] The Eastern District of Louisiana, however, has consistently applied the approach first articulated in *Lusardi v. Werox Corp.*[7] Under the *Lusardi* approach, courts generally require "at least substantial allegations that the [potential class members] were together the victims of a single decision, policy, or plan" that is unlawful."[8]

---

[4] 29 U.S.C § 216.
[5] *Compare* Shushan v. University of Colorado, 132 F.R.D. 263 (D. Colo. 1990) *with* Lusardi v. Werox Corp., 118 F.R.D. 351 (D.N.J. 1987).
[6] *See* Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1216 (5th Cir. 1995) ("We find it unnecessary to decide which, if either, of the competing methodologies should be employed in making an ADEA class certification decision."), *overruled on other grounds by* Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 (2003).
[7] *See, e.g.*, Smith v. Offshore Specialty Fabricators, Inc. 2009 WL 2046159, at *2 (E.D. La. July 13, 2009); Xavier v. Belfor USA Group, Inc., 585 F. Supp. 2d 873, 876 (E.D. La. 2008); Johnson v. Big Lots Stores, Inc., 561 F. Supp. 2d 559, 569 (E.D. La. 2008).
[8] *Smith*, 2009 WL 2046159, at *2 (quoting H&R Block, Ltd. v. Housden, 186 F.R.D. 399, 400 (E.D. Tex. 1999)).

## II. Motion for Reconsideration

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[9] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[10]

## LAW AND ANALYSIS

### I. Second Motion for Conditional Certification

This case is in the late stages of pre-trial litigation. The discovery deadline passed more than two months ago, and trial is scheduled to begin in about a month. Defendant argues that Plaintiff should not enjoy the relatively lenient *Lusardi* standard of review for conditional certification under the FLSA because it is meant to apply early in the pre-trial litigation process. Even under the lenient *Lusardi* standard, however, Plaintiff still must produce substantial allegations that the potential class members were together the victims of a single unlawful policy or practice by their employer.[11] Plaintiff failed to do this in his first motion for conditional certification. He fails to do so here, too.

The Court previously ruled that conditional certification would not be warranted unless Plaintiff presented "some evidence that the potential class members are similarly situated with respect to *why* their time was not corrected."[12] In response to this directive, Plaintiff produced declarations by

---

[9] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).

[10] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[11] *Smith*, 2009 WL 2046159, at *2.

[12] Doc. 72 at 7–8 (emphasis added).

4

himself and a handful of the since-dismissed opt-in plaintiffs containing statements that AWG never informed employees of their ability to correct automatic lunch break deductions on days when they did not actually take a lunch break.[13] The record, however, shows that Plaintiff received a copy of the AWG employee manual, and the manual provides that employees must notify their managers to correct inaccurate timecards.[14] Statements claiming that AWG failed to notify employees of their ability to correct timesheets cannot serve as the unifying fact making Plaintiff and the opt-in plaintiffs similarly situated when the record shows that Plaintiff had been informed of his ability to make such a correction. To the extent Plaintiff argues that the unlawful policy at issue involved AWG's alleged "fail[ure] to correct the incorrect time records when it knew or should have known that the employee time records were inaccurate,"[15] such an allegation appears to make a record-keeping claim for which the FLSA does not provide a private right of action.[16] Accordingly, Plaintiff has failed to show that the putative class members were together the victims of a single policy or plan that was unlawful. Plaintiff's Second Motion for Conditional Certification is therefore denied.

## II. Motion for Reconsideration

Plaintiff asks this Court to reconsider its order dismissing the opt-in plaintiffs from this suit on the ground that the dismissal will waste judicial resources because some of the dismissed opt-in plaintiffs have since filed their own FLSA claims in a different case. The Court does not find this argument

---

[13] *See, e.g.*, Doc. 76-2 at 2, Doc. 76-3 at 2, Doc. 76-4 at 2.
[14] *See* Doc. 61-1 at 4–7.
[15] Doc. 76-1 at 5–6.
[16] Lackey v. SDT Waste & Debris Servs., LLC, No. 11-1087, 2014 WL 2861819, at *3 (E.D. La. June 24, 2014) (collecting cases).

persuasive. Plaintiff has not brought to the attention of this Court any law or evidence suggesting that its January 2, 2019 Order and Reasons dismissing the opt-in plaintiffs from this suit was erroneous. Accordingly, Plaintiff's Motion for Reconsideration is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions are **DENIED**.

New Orleans, Louisiana this 25th day of April, 2019.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**